O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5315 AHM (FMOx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. AARON BROTHERS INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On September 24, 2007, this Court granted in part an application by the U.S. Equal Employment Opportunity Commission ("EEOC") for a subpoena to retrieve employment information from Respondent Aaron Brothers Inc. ("Aaron Brothers"). Although the Court narrowed the scope of the original subpoena, it permitted the EEOC to come back to the Court if its initial investigation warranted a broader subpoena. The EEOC has now filed a Motion for Modification of the September 24, 2007 Order based on its representation that it has found statistical evidence of systematic discrimination by Aaron Brothers. For the reasons stated below, the Court GRANTS the motion.

## I.     BACKGROUND

In January 2005, Jessica Fairley filed a charge with the EEOC alleging that Respondent Aaron Brothers, a subsidiary of Respondent Michaels Stores, Inc., paid her less than her male colleagues because of her sex, and that she was retaliated against for complaining about the alleged disparity. She also alleged that "[o]ther females as a class are paid less than males." The EEOC began investigating the allegations, and on June 22, 2006 it issued Subpoena No. SD-06-012, seeking nationwide data. Aaron Brothers objected to the subpoena through an administrative process, and on August 15, 2007 the EEOC filed an application in this Court for an order to show cause why the subpoena should not be enforced.

At the September 24, 2007 hearing on the motion, the Court made a number of findings orally and on the record, and forged a compromise whereby the subpoena would be enforced as to stores in only two of the national chain's "districts," "without prejudice

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5315 AHM (FMOx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. AARON BROTHERS INC., et al. | | |

to the right of . . . the EEOC, depending on what information it establishes and derives and how quickly it gets it to enforce it on a nationwide basis." Transcript at 4:20-24. The Court recognized its duty to evaluate Aaron Brothers's attempt to show that it would be unduly burdensome to produce the evidence, and found as follows:

> I think that the amount of effort and the amount of attorneys' fees that has gone into making that showing is faintly humorous. I think that my common sense tells me that the need for outside contractors has not been actually established. And I think the costs are dubious, but, nevertheless, the imposition on the ongoing personnel — and I am judging this from the declarations of Hayden and Baird — would be significant. . . . Why you would have to get outside contractors at the specified hourly costs boggles my mind. I don't know what the work schedules are of declarants like Baird and Hayden, but it seems to me that some of this information is retrievable, and you don't dispute this through [sic] databases that have been generated and that are currently maintained.

Transcript at 5:12-19, 8:1-6. The Court nevertheless suggested that the subpoena be narrowed for the time being to two of Respondent's "districts," encompassing a few dozen stores. The EEOC agreed, and the Court ordered that documents responsive to the subpoena be produced by not later than December 24, 2007. It was not until late March 2008, however, that the EEOC received all of the data it required. Stern Decl. ¶¶ 17-18.

The EEOC completed its analysis in November 2008, and informed Respondents that "when accounting for the impact of other variables, gender had a statistically significant relationship with the pay rate of Aaron Brothers managers and assistant managers in Districts One and Four." Exh. L. In light of these findings, the EEOC requested nationwide data for each store in the remaining districts. Respondents refused, and in early December 2008, the EEOC provided a more detailed summary of the findings, stating that "[t]he results suggest that being a woman at Aaron Brothers reduces one's pay by over 40 cents an hour." Exh. N. In late December 2008, Respondents again refused to provide additional data on the basis that the EEOC's findings were too generalized and obscure to evaluate its claims of discrimination. Respondents requested that the EEOC terminate its investigation or supply Aaron Brothers with additional information supporting the EEOC's analysis. Exh. P.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5315 AHM (FMOx) | Date | May 22, 2009 |
|----------|-----------------------|------|--------------|

| Title | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. AARON BROTHERS INC., et al. |
|-------|---------------------------------------------------------------------------|

The EEOC refused to hand over its statistical report, on the basis of work product, attorney-client, and governmental deliberative process privilege, and pursuant to 42 U.S.C. § 2000e-8(e).[1]  On January 30, 2009, the EEOC filed the instant motion for modification of the Court's Order, and noticed the hearing on the motion for April 6, 2009.  (The Court took the matter under submission.)  The motion seeks the following information from Aaron Brothers' remaining stores:

1. Identity of management employees at Aaron Brothers since January 1, 2003, including name, gender, position, hire/promotions/termination, and store;

2. Pay change/history information for management employees identified above, including date, amount, and reason for change;

3. Store volume and scheduling information;

4. Policies or manuals related to pay, bonuses, management pay ranges, store volume and scheduling used since January 1, 2003;

5. Store information since January 1, 2003, including name/number, address, district, district manager, and opening/closing dates;

6. Organizational chart showing Aaron Brothers' structure since January 1, 2003, with the name, title and gender of identified management employees; and

7. Resumes or employment applications for management employees working for Aaron Brothers since January 1, 2003.

Motion at 2 (the full subpoena was filed as Exhibit O to Lepak's Declaration).

---

[1] "It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information."  42 U.S.C. § 2000e-8(e).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5315 AHM (FMOx) | Date | May 22, 2009 |
|----------|------------------------|------|--------------|
| Title | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. AARON BROTHERS INC., et al. | | |

The Court took the motion under submission on April 3, 2009.

## II.   DISCUSSION

Respondents contend that the subpoena is overbroad and not justified by the evidence presented by the EEOC.  They also contend, albeit without introducing any new evidence, that the subpoena would impose an undue burden on them.  The Court disagrees, for the following reasons.

### A.   Legal Standards

"The scope of the judicial inquiry in an EEOC or any other agency subpoena enforcement proceeding is quite narrow."  *E.E.O.C. v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) (quoting *E.E.O.C. v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc), *abrogated on other grounds by Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991)).

"The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation."  *Children's Hosp.*, 719 F.2d at 1428.  "If these factors are shown by the agency, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome."  *Id.*

In their opposition to the current motion, Respondents challenge only the third prong, which addresses relevance and materiality.  "Since the enactment of Title VII, courts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer."  *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984).  The Ninth Circuit recently reviewed the standards by which a district court must assess relevancy:

"[C]ourts must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." . . .  Relevancy is determined in terms of the investigation rather than in terms of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5315 AHM (FMOx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. AARON BROTHERS INC., et al. | | |

evidentiary relevance. . . .  Moreover, the relevancy requirement is "not especially constraining." . . . .

*E.E.O.C. v. Fed. Express Corp.*, 558 F.3d 842, 854 (9th Cir. 2009) (citations omitted). The administrative subpoena may not, however, "be so broad so as to be in the nature of a 'fishing expedition.'"  *Peters v. United States*, 853 F.2d 692, 700 (9th Cir. 1988).  There must be a realistic expectation that something may be discovered.  *See E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643 (7th Cir. 2002) (citing *United States v. Harrington*, 388 F.2d 520, 524 (2d Cir. 1968)).

If the EEOC meets this burden, the burden shifts to the respondent to prove that the subpoena is overbroad or unduly burdensome.  That burden is difficult to meet.  *See, e.g.*, *E.E.O.C. v. Maryland Cup Corp.*, 785 F.2d 471, 477 (4th Cir. 1986) ("[T]he burden of proving that an administrative subpoena is unduly burdensome is not easily met."); *E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643, 653 (7th Cir. 2002) ("[T]he employer "carries the difficult burden of showing that the demands are unduly burdensome or unreasonably broad.").  Compliance with a subpoena is excused if it "threatens to unduly disrupt or seriously hinder normal operations of a business."  *Maryland Cup Corp.*, 785 F.2d at 479.  Alternatively, if the cost of gathering the information would be "unduly burdensome in the light of the company's normal operating costs," the subpoena should not be enforced.  *Id.*

**B.    Analysis**

For the reasons stated below, the Court finds that the subpoena seeks relevant and material information, and Respondents have not shown that it is overbroad or unduly burdensome.  In addition, the information sought is encompassed by the subpoena the EEOC issued on June 22, 2006.

1.    <u>Relevance and materiality</u>

At the September 24, 2007 hearing, the Court stated that the EEOC could enforce its subpoena on a nationwide basis depending on what information it established and how quickly it got it in the initial, limited go-around.  The EEOC has filed two declarations in

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5315 AHM (FMOx) | | Date | May 22, 2009 |
|----------|----------------------|---|------|--------------|
| Title | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. AARON BROTHERS INC., et al. | | | |

support of its contention that a nationwide subpoena is now warranted. The first is by Marla Stern, a Lead Systemic Investigator with the Los Angeles Office of the EEOC. Stern has been in that position since 1992 and has "primarily investigated pattern or practice discrimination charges ranging in scope from local to nationwide class actions." She "provide[s] training to other investigators on how to conduct statistical analysis in employment discrimination cases." Stern Decl. ¶ 3. Stern states that the "EEOC chose to conduct a regression analysis to determine whether gender played a statistically significant role in management employees' pay rate," but "[i]n order to fully and fairly investigate the charge of class gender discrimination, I need information regarding all Aaron Brothers stores nationwide." Stern Decl. ¶¶ 19, 22. The second declaration is from Thomas Lepak, one of the EEOC attorneys who filed this motion, as well as the original application for a subpoena. He states that the EEOC's regression analyses used earnings data from February 1, 2004 that was taken from Respondent's database, and describes the EEOC's methods and findings:

> The EEOC's regression analyses accounted for gender as well as other variables that might influence earnings, including, but not limited to, store, job title, and seniority. . . . The EEOC's regression analyses of Districts One and Four show that, when accounting for the impact of other variables, gender had a statistically significant relationship with the pay rate of Aaron Brothers' management employees. . . . The EEOC's regression analyses of Districts One and Four shows that, when accounting for the impact of other variables, being a woman at Aaron Brothers reduces one's pay by over 40 cents per hour.

Lepak Decl. ¶¶ 5-7.

Respondents object that these declarations are insufficient and are based on inadmissible hearsay evidence, because they were not made by anyone who performed the analysis, the EEOC has not revealed the analysis, who performed it, whether such person was qualified, how it was performed, what the specific results were, or other facts necessary to validate the analysis. In addition, they object to the fact that Attorney Lepak, rather than Stern, who has a statistics background, attested to the EEOC's findings. They also object that the EEOC has not controlled for the impact of pre-Aaron Brothers work experience on the starting salaries of employees hired directly into

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5315 AHM (FMOx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. AARON BROTHERS INC., et al. | | |

management positions.  Finally, they object that the EEOC has no basis for withholding its full statistical analysis from Respondents.  The Court overrules these objections.

The primary question the Court must answer to assess the EEOC's motion is whether or not the evidence sought by the EEOC is relevant and material to the investigation.  The Court finds that the Lepak and Stern declarations are sufficient for it to conclude that the EEOC has a realistic expectation that it will discover relevant evidence as a result of a nationwide subpoena.  Ms. Fairley charged that "[o]ther females as a class are paid less than males," and the national data sought by the EEOC is facially relevant and material to that question.  Although the Court's initial concerns about the burden on the Respondents and the materiality of data outside of the districts in which Ms. Fairley worked initially led it to narrow the scope of the subpoena contingent on further investigation, the declarations submitted by the EEOC satisfy the Court that on a nationwide basis the collection of additional data is relevant and material to Ms. Fairley's class-wide charges.  Lepak's sworn declaration reports that the analysis done by the EEOC reveals evidence of discrimination, and the Court has no reason to doubt Lepak's credibility.  Perhaps if the EEOC had relied on his declaration to establish discriminatory patterns, rather than seeking to clear the low threshold to have a subpoena enforced, it might not be sufficient.  But respondents cite no authority that the evidentiary standards used to adjudicate the merits of a discrimination claim apply in this context.  Application of a lower evidentiary standard makes sense in this context because the EEOC only has to show relevance and materiality.  It does not have to prove discrimination.  Although the declarations would have been stronger if they had attested that the analysis accounted for previous work experience, or if Stern rather than Attorney Lepak had attested to the EEOC's findings, these shortcomings do not undermine the reliability of the findings as a basis to conclude that the EEOC has satisfied the relatively low threshold for enforcing an administrative subpoena.  In fact, the Supreme Court has explicitly forbidden the approach that Respondents want this Court to take:

> Some of respondent's arguments are based on the assumption that a district court, when deciding whether to enforce a subpoena issued by the EEOC, may and should determine whether the charge of discrimination is "well founded" or "verifiable." . . . .  Nothing in the statute or its legislative history provides any support for this assumption.  The district court has a responsibility to satisfy itself

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5315 AHM (FMOx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. AARON BROTHERS INC., et al. | | |

that the charge is valid and that the material requested is "relevant" to the charge, . . . and more generally to assess any contentions by the employer that the demand for information is too indefinite or has been made for an illegitimate purpose. . . . However, any effort by the court to assess the likelihood that the Commission would be able to prove the claims made in the charge would be reversible error.

*Shell Oil Co.*, 446 U.S. at 72, n.26 (citations omitted).

Because the Court finds that the declarations are sufficient, it need not reach the question of whether the EEOC is justified in withholding its full analysis from Respondents. Nor does some general notion of fairness entitle Aaron Brothers to "check the work" performed by the EEOC.

2.     Burden on Respondents

As for Respondents' difficult burden of showing that the subpoena is overbroad or will place an undue burden on Aaron Brothers, Respondents rely entirely on the briefing and evidence they submitted in response to the EEOC's first application. The Court found many of the claims made in those papers dubious, and now once again the Court is also struck by the fact that Respondents failed to provide any information on the cost of producing evidence in response to the compromise subpoena. Data on the actual costs of production would have been far more credible than what Respondents produced in the earlier round of briefing. Nor did Respondents produce evidence of the size of their operations and their capacity to handle the costs.[2] In the absence of additional evidence, the Court cannot find that Respondents met their burden of showing that the subpoena is overbroad or unduly burdensome.

3.     Scope of the subpoena

Respondents protest that the regression analysis done by the EEOC does not

_____

[2] Such information should be readily available to Respondents. The EEOC cites a press release from March 2009 stating that revenues in Michaels stores for the fiscal year ending January 31, 2009 were over $3 billion.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5315 AHM (FMOx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. AARON BROTHERS INC., et al. | | |

control for the impact of pre-Aaron Brothers work experience on the starting salaries of employees hired directly into management positions. But, in an apparent attempt to place the EEOC in a Catch-22, they also object that the EEOC is seeking the production of resumes and employment applications in order to determine the impact of work experience on wages. The basis for Respondents' objection is that the original subpoena did not seek resumes or employment applications, and the EEOC has long known that work history is relevant to Aaron Brothers employees' rate of pay and should have sought these documents earlier. Respondents claim that this alleged deviation from the original subpoena undermines this Court's jurisdiction.

Respondents' arguments are unavailing because the EEOC's request is encompassed by the original subpoena: "For each management position, provide salary and wage plans including but not limited to a description of salary groups and salary ranges, and all job analyses, job descriptions, job standards, and any other documents used to set salary or wage levels . . . ." Exh. G at ¶ 5(e). In light of Respondents' claim that prior work experience explains Ms. Fairley's salary differential, the only way to explain their reluctance to turn over the resumes and employment applications is the allegedly increased cost of producing paper, rather than electronic, documents. But Respondents have not provided evidence that such costs would be unduly burdensome. Furthermore, the EEOC has offered to mitigate the cost by "receiv[ing] copies from which it will cull the necessary electronic data, from scratch, on its own dime." Reply at 6.

The Court thus finds that the information sought now by the EEOC is within the scope of the original subpoena and the request is not overbroad or unduly burdensome.

## III.   CONCLUSION

For the above reasons, the Court GRANTS the motion to enforce the subpoena.[3]

By not later than June 12, 2009, the parties shall file a stipulation containing a schedule for compliance with this Order.

---

[3] Docket No. 24.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5315 AHM (FMOx) | Date | May 22, 2009 |
|----------|----------------------|------|--------------|

| Title | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. AARON BROTHERS INC., et al. |
|-------|------------------------------------------------------------------------------|

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

_____ : _____

Initials of Preparer                SMO